**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

v.                             Case No. 6:11-cr-52-Orl-31DAB
                                         (Forfeiture)

**SAMUEL SHAMBA WARLICK**

**UNITED STATES' MOTION FOR ENTRY OF**
**PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully moves this Court, pursuant to Fed. R. Crim. P. 32.2(b)(2) and 18 U.S.C. § 2253, to enter a Preliminary Order of Forfeiture in the above-captioned case, which, at sentencing, shall be a final order of forfeiture as to defendant Samuel Shamba Warlick's right, title, and interest in the following:

1. Acer desktop computer, model #T180, serial # PTS560X0467060A38F2703;

2. Hitachi hard disk drive, serial #R11J1TKD;

3. HP desktop computer, serial #MX15003853;

4. Seagate hard drive, serial #5FB1856G;

5. Western Digital external hard drive, serial #WCAU80025136;

6. SanDisk Cruzer mini flash media drive;

7. PNY Technologies flash media drive;

8. SanDisk Micro SD card;

9. 19 floppy disks; and

10. 4 Omega zip disks.

In support of its motion, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

I. **Statement of Facts**

    1.    On February 9, 2011, a two count Indictment was returned.  Doc. 8.  Count One charged the defendant with distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).  On May 27, 2011, the defendant pled guilty to Count One of the Indictment.  Doc. 25.

    2.    As the result of the distribution of child pornography violations alleged in Count One, the Forfeiture Allegations of the Indictment sought the forfeiture of the defendant's interest in any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.  Doc. 8 at p. 2.

    3.    On May 26, 2011, the United States and defendant entered into a plea agreement.  Doc. 24.  In paragraph 11 of his plea agreement, entitled "Forfeiture of Assets," defendant agreed that he is liable for the forfeiture of the assets referenced therein.  *Id.* at pp. 7-8.  The defendant further admitted and agreed that the "conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of property sought by the government."  *Id.*

The Factual Basis specifically states that:

On or about December 13, 2010, a law enforcement officer (UC) conducted an undercover online session utilizing the publicly available peer-to-peer file sharing program, GigaTribe. GigaTribe is a publicly available file sharing program which enables users to share folders on their hard drives on a private network over the Internet. Only the users invited into another user's network can share folders, only the folders that the user has designated that he/she wants to share are visible, and when exchanging files, only the sender and the receiver are aware of the exchange.

During the undercover session, the UC queried his network of friends and saw that "Shaychsimba," who was later identified as SAMUEL SHAMBA WARLICK, was logged into the network. The UC browsed WARLICK'S shared directories and saw files depicting images of child pornography and video titles indicative of child pornography. The agent downloaded 40 pictures and 6 videos of child pornography from WARLICK, including images that portrayed sadistic or masochistic conduct or other depictions of violence.

On January 15, 2011, agents executed a federal search warrant at WARLICK'S residence and seized his Acer desktop computer, internal hard drive and external hard drive, among other storage devices. Later, agents examined these storage devices and found more than 1200 images and 343 videos of child pornography. Many of the images depicted the sexual abuse and exploitation of prepubescent and young adolescent boys. Agents also located chat conversations between WARLICK and a 17 year-old boy, during which WARLICK requested the boy to send him naked pictures.

During a non-custodial interview with WARLICK at his residence, he admitted, among other things, to trading child pornography with individuals on GigaTribe using the user name "Shaychsimba," from his home in Seminole County, Florida. He said that he had been trading child pornography on GigaTribe for the past 2 and ½ years, and that he also traded child pornography using Internet websites, other file-sharing programs, and through email. He admitted that he had traded child pornography for at least the past 10 years, and that he stored it on his Acer desktop, external hard drive and floppy disks. WARLICK admitted that he distributed child pornography in order to receive child pornography. WARLICK stated that he possessed images of boys as young as 5 years-old, and that he knew it was illegal to possess and distribute child pornography. Warlick said that he sometimes posed as a 15 year-old boy online in order to persuade other minors to send him naked images of themselves.

*Id.* at pp. 16-18.

4. As reflected in his plea agreement, Samuel Shamba Warlick admits that the above-referenced assets are the computer equipment involved the commission of the offenses charged in Count One of the Indictment. Doc. 24 at p. 8. Samuel Shamba Warlick further admitted that the above-referenced assets were subject to forfeiture pursuant to 18 U.S.C. § 2253. *Id.*

5. Samuel Shamba Warlick is scheduled to be sentenced on August 19, 2011, at 9:00 a.m. Doc. 29.

## II. **Applicable Law**

The Court's authority to order forfeiture of property for violations of 18 U.S.C. § 2251 is founded upon 18 U.S.C. § 2253. Section 2253 provides that, a person who is convicted of an offense under this chapter involving a visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter . . . shall forfeit to the United States such person's interest in any visual depiction . . . any property, real or personal, constituting or traceable to gross profits . . . and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

Fed. R. Crim. P. 32.2 requires that the Court, as soon as practicable after accepting a plea, determine what property is subject to forfeiture under the applicable statute. In so doing, the Court makes both a factual determination regarding the sufficiency of the *nexus* between the offense and the property sought for forfeiture, and a legal finding as to what property is subject to forfeiture.

As reflected in his plea agreement, Samuel Shamba Warlick admits that the above-referenced assets are the computer equipment he used in the distribution of child pornography offenses charged in Count One. The defendant further admitted that the above-referenced assets are subject to forfeiture pursuant to the provisions of 18 U.S.C. § 2253. Rule 32.2(b)(2) provides that a preliminary order of forfeiture must be promptly entered once the Court finds that the property is subject to forfeiture.

Pursuant to Rule 32.2(b)(3), at sentencing, "the [preliminary] order of forfeiture becomes final as to the defendant and **must be made part of the sentence and included in the judgment**." *See United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000) (emphasis added).

### III. Conclusion

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture, pursuant to 18 U.S.C. § 2253 and Fed. R. Crim. P. 32.2(b)(2), forfeiting to the United States all right, title, and interest of defendant, Samuel Shamba Warlick, in the following:

1. **Acer desktop computer, model #T180, serial # PTS560X0467060A38F2703;**
2. **Hitachi hard disk drive, serial #R11J1TKD;**
3. **HP desktop computer, serial #MX15003853;**
4. **Seagate hard drive, serial #5FB1856G;**
5. **Western Digital external hard drive, serial #WCAU80025136;**
6. **SanDisk Cruzer mini flash media drive;**
7. **PNY Technologies flash media drive;**

8. **SanDisk Micro SD card;**

9. **19 floppy disks; and**

10. **4 Omega zip disks.**

           Respectfully submitted,

           ROBERT E. O'NEILL
           United States Attorney


By:   s/Nicole M. Andrejko
       Nicole M. Andrejko
       Assistant United States Attorney
       Florida Bar No. 0820601
       501 West Church St., Suite 300
       Orlando, Florida  32805
       Florida Bar No. 0488674
       Telephone:   (407) 648-7500
       Facsimile:    (407) 648-7643
       E-Mail:         Nicole.Andrejko@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Donald R. West, Esquire

       s/Nicole M. Andrejko
       Nicole M. Andrejko
       Assistant United States Attorney
       Florida Bar No. 0820601
       501 West Church Street, Suite 300
       Orlando, Florida 32805
       Telephone:   (407) 648-7500
       Facsimile:    (407) 648-7643
       E-Mail:         Nicole.Andrejko@usdoj.gov