UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 6:11-cr-52-ORL-31DAB

SAMUEL SHAMBA WARLICK,

    Defendant.
_____/

### DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE

Defendant, SAMUEL SHAMBA WARLICK, by and through his undersigned counsel, respectfully asks for a downward variance and submits this Memorandum to support why a sentence lower than one within the recommended sentencing guidelines range is sufficient but not greater than necessary to accomplish the purposes of sentencing[1] and states the following:

**CASE HISTORY:** On February 9, 2011, SAMUEL WARLICK was charged by federal indictment with distributing[2] and possessing[3] child pornography. (Doc. 8). Based on a written plea agreement (Doc. 24), he pled guilty to distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) in return for dismissal of the possession of pornography charge. (Doc. 28). The plea was accepted by this Honorable Court on June 13, 2011. (Doc.

---

[1] *See* Title 18 U.S.C. § 3553(a).

[2] Count I - Violation of Title 18 U.S.C. §§ 2252A(a)(2)(B) & (b)(1).

[3] Count II - Violation of Title 18 U.S.C. §§ 2252A(a)(5)(B) & (b)(2).

1

31). The Pre-Sentence Report ("PSR") was completed on November 23, 2011. Mr. Warlick now stands ready for sentencing.

## DISCUSSION

A two-step process is used when sentencing a defendant. The correct guidelines sentencing range must first be calculated, and then the district court must consider all of the factors contained in 18 U.S.C. § 3553(a) as they pertain to the particular defendant and the facts of the offense. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Each of these steps will be addressed to demonstrate why a sentence within the 87-108 range is sufficient but not greater than necessary to achieve the goals of sentencing here.

**M**R. **W**ARLICK'S **A**DVISORY **G**UIDELINE **S**ENTENCE:

Using United States Sentencing Guidelines ("Guidelines") §2G2.2[4], Mr. Warlick's

---

[4] U.S.S.G. § 2G2.2 has been openly and widely criticized by federal courts. *E.g., United States v. Henderson*, 649 F.3d 955 (9th Cir. 2011) ("Moreover, as we will now explain, the history of the child pornography Guidelines reveals that, like the crack-cocaine Guidelines at issue in *Kimbrough [v. United States,* 552 U.S. 85 (2007)], the child pornography Guidelines were not developed in a manner 'exemplify[ing] the [Sentencing] Commission's exercise of its characteristic institutional role.' *Kimbrough*, 552 U.S. at 109, 128 S.Ct. 558, so district judges must enjoy the same liberty to depart from them based on reasonable policy disagreement as they do from the crack-cocaine Guidelines discussed in *Kimbrough*."); *United States v. Grober*, 624 F.3d 592 (3rd Cir. 2010) (same); *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010) (same); *United States v. Riley*, 655 F.Supp.2d 1298 (S.D.Fla. 2009) ("Although advisory, the Sentencing Guidelines are typically afforded a measure of deference. Section 2G2.2 has, however, been the subject of recent judicial criticism which weighs against imposing a sentence within the Guideline recommendation."). *See also*, *United States v. Diaz*, 720 F.Supp.2d 1039, 2010 WL 2640630 (E.D.Wis. 2010) (collecting cases);*United States v. McElheney*, 630 F.Supp.2d 886 (E.D.Tenn. 2009); *United States v. Beiermann*, 599 F.Supp.2d 1087 (N.D.Iowa 2009), *United States v. Phinney*, 599 F.Supp.2d 1037 (E.D.Wis. 2009);*United States v. Johnson*, 588 F.Supp.2d 997 (S.D.Iowa 2008); *United States v. Baird*, 580 F.Supp.2d 889 (D.Neb.2008); *United States v. Hanson*, 561 F.Supp.2d 1004 (E.D.Wis. 2008); *United States v. Shipley*, 560 F.Supp.2d 739 (S.D.Iowa 2008).

Total Offense Level is 37 with a Criminal History Category of I. PSR at ¶¶ 28-31. Thus, his Guidelines sentencing range is between 210-240[5] months imprisonment. PSR ¶ 71. A sentence of at least 60 months (5 years) imprisonment must be imposed. 18 U.S.C. § 2252A(b)(1); PSR ¶ 70. A term of supervised release of at least five years and up to life must also be imposed. 18 U.S.C. § 2583(k); PSR ¶ 74.

**THE NATURE AND CIRCUMSTANCES OF THE OFFENSE:**

The nature and circumstances of Mr. Warlick's offense are adequately set forth in the PSR at ¶¶ 5-10. To summarize, Mr. Warlick used a computer and a public file-sharing program to possess and distribute on the internet through interstate commerce images of minors engaging in sexually explicit conduct.

During the non-custodial interview referenced in PSR ¶ 9, Mr. Warlick was fully cooperative with law enforcement. He provided his username and password for GigaTribe (and other websites) so law enforcement could pose as the defendant and investigate others violating child pornography laws. Further, following his arrest, the defendant offered to provide additional information about those appearing on his "Friends List" to assist law enforcement in its investigation of others possessing or distributing child pornography.

**A SENTENCE WITHIN THE 87-107 MONTH RANGE IS SUFFICIENT BUT NOT GREATER THAN NECESSARY IN LIGHT OF THE CHARACTERISTICS OF THE DEFENDANT:**

Mr. Warlick, the youngest of three children, was born in the Democratic Republic of the Congo, Africa, on October 20, 1971 where his parents were serving as missionaries. He lived there about three years before the family moved to Chattanooga, Tennessee where his father opened a new Presbyterian church and served as its pastor. They lived in Tennessee

---

[5] The sentencing range for offense level 37, criminal history I is 210-262 months imprisonment but the upper guideline range in this instance is limited by the statutory maximum for the offense of conviction, twenty years (240 months.) USSG §5G1.1(c)(2).

3

for about 10 years until moving back to Africa. Mr. Warlick is now forty (40) years old, stands 5' 6" tall and weighs around 170 pounds. PSR ¶ 45. His parents, now both retired, served most of their adult lives as Presbyterian missionaries. His father continues to consult on mission projects and still travels overseas on occasion.

While born into a loving family, Mr. Warlick had neuropsychological deficits that affected his intellectual and social development. Although intelligent, as a young child Mr. Warlick had behavioral problems due to his hyperactivity, Nonverbal Learning Disability (NLD) and executive skills dysfunction associated with his Attention Deficit Disorder (ADD). These deficits continue to the present and require management with medication.[6]

In addition to Mr. Warlick's problems associated with ADD and NLD, at about age eleven Mr. Warlick was brutally and repeatedly sexually abused by a neighborhood boy over a two year period. The sexual abuse ended when the defendant and his family moved back to Zaire when he was about 13 years old. PSR ¶ 39. For various reasons, including his fear of embarrassing his family (as they were prominent within the Presbyterian Church missionary community), Mr. Warlick did not disclose the sexual abuse until later in life and has never received effective, professional treatment for his own victimization. Mr. Warlick needs treatment for his sexual victimization and had he had effective psychotherapy around the time of his sexual abuse, Dr. Deborah Day, a specialist in treating victims of sexual abuse, believes Mr. Warlick's life would be quite different.[7]

Mr. Warlick was also evaluated by Dr. Eric Imhof regarding Mr. Warlick's risk for

---

[6] For more detail, please see the neuropsychological evaluation of Mr. Warlick by Dr. Jacquelyn Olander, provided under separate cover.

[7] Dr. Deborah Day's summary letter regarding her assessment of Mr. Warlick's own sexual victimization and its impact is provided under separate cover.

future sexual offenses and his amenability for sexual offender treatment.[8] Dr. Imhof has concluded that Mr. Warlick is a good candidate for sexual offender treatment and because of his stability in the community and his positive support systems he will present minimal risk to the community for re-offending.

Other characteristics of the defendant the Court may consider in fashioning the appropriate sentence include that Mr. Warlick has no prior criminal record; that he has held steady employment in recent years as a wine consultant[9]; that he has tremendous family and community support to assist emotionally, spiritually and financially with his rehabilitation and eventual re-entry into society; that he has begun to have some insight into the effect of his own sexual victimization on his behavior and now has a recognition of the very real harm that possessing and distributing child pornography causes to child victims.

**A SENTENCE WITHIN THE 87-108 MONTH RANGE IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO ADDRESS THE NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, PROMOTE RESPECT FOR THE LAW, PROVIDE JUST PUNISHMENT FOR THE OFFENSE, AND TO AFFORD ADEQUATE DETERRENCE:**

In *United States v. Lane*, 2011 WL 3055257 (11th Cir. 2011), a case involving[10] the

---

[8] Dr. Imhof's summary of his evaluation of Mr. Warlick is also provided under separate cover.

[9] It is certainly possible that he could continue to work in this profession after release from custody. Further, a wine consultant is a position which is unlikely to result in him being in the presence of children. Mr. Warlick was held in high regard while employed by ABC Liquors.

[10] Specifically, Lane pleaded guilty to one count of transporting child pornography, in violation of 18 U.S.C. § 2252(a)(1), and one count of receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2), and received a 108-month sentence – a downward variance from the 210-262 month range. Lane appealed the 5-level enhancement added for an "expectation of receipt, of a thing of value" under U.S.S.G. § 2G2.2(b)(3)(B). The

sentencing of a defendant convicted of transporting and receiving child pornography, the Eleventh Circuit recently upheld the district court's determination that, notwithstanding a Guidelines range of 210-262 months imprisonment – the same range that exists here – a 108-month sentence was procedurally reasonable and sufficient to punish the defendant for this type crime and to deter the defendant and others from further criminal conduct. In that regard, these same considerations were necessarily addressed by the Legislature when the mandatory five-year term of imprisonment was created for every offender who violates 18 U.S.C. § 2252A(a)(2)(A). Some courts have concluded that the five (5) year mandatory sentence of imprisonment alone affords adequate specific and general deterrence while sending a clear message about "how catastrophic the consequences are to those who download child pornography." *United States v. Mobley*, 624 F.3d 592, 598 (3d Cir. 2010). Any sentence within the range of 87-108 months is substantially greater than the minimum 60 month sentence required by the Legislature. A sentence within that range reflects the seriousness of the criminal conduct, constitute ample punishment for Mr. Warlick and deters him and others from engaging in such conduct in the future while promoting respect for the law.

**A SENTENCE WITHIN THE 87-108 MONTH RANGE IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO PROTECT THE PUBLIC FROM MR. WARLICK:**

Mr. Warlick has no prior criminal convictions. PSR ¶ 30. He does not have any

---

Eleventh Circuit held that any error was harmless where the downward variance exceeded the sentence he would have received even without the enhancement. The Court reasoned, "The district court carefully considered the guidelines, as well as Lane's objections to the guideline calculation, before determining that a sentence below the guideline range was warranted in this case. The district court also considered the statutory factors set out in 18 U.S.C. § 3553(a) and, as described above, discussed those factors to the extent necessary to explain the sentence imposed. We conclude that, even under the guideline range advanced by Lane, the 108-month sentence would be procedurally reasonable." *Lane*, 2011 WL 3055257 at page 2.

history of violence. He does not have a substance abuse problem. PSR ¶ 50. He is thus unlikely to engage in unlawful behavior related to violence, drugs or alcohol. Further, Mr. Warlick is amenable to counseling and treatment for previously unaddressed mental, emotional and developmental issues that began when he was repeatedly sexually assaulted during his childhood by an older boy. That sexual abuse privately plagued Mr. Warlick, and viewing child pornography was one of his ways of dealing with a chapter of his own life that he lacked the skills and guidance to understand or otherwise get past. Because of his concern of causing embarrassment to his family and their position in the community, he felt unable to discuss his sexual abuse for several years and has never candidly discussed his homosexuality with his parents. His resultant bouts of depression and anxiety have required medications such as Zoloft, Prozac and Welbutrin. PSR ¶¶ 47 & 49.

Mr. Warlick must serve a sentence of at least 60 months imprisonment and will then be subject to strict supervision. During incarceration, he will be able to continue with counseling and, when he returns to society, he has the financial and active support of his parents and a large support system in the community. He is intelligent, reasonably well-educated and capable of employment in a field that has no direct contact with minors. Further, the likelihood that he will engage in criminal behavior is reduced by his insight into the harms of viewing child pornography. These considerations support the conclusion that a period of imprisonment between 87 and 108 months is sufficient but not greater than necessary to protect the public from Mr. Warlick. See *United States v. Riley*, 655 F.Supp.2d 1298, 1306 (S.D.Fla. 2009) (District court concludes that "any sentence over above the statutory minimum will serve the purpose of protecting the public" under circumstances that are substantially the same as outlined above).

**THE NEED FOR THE SENTENCE IMPOSED TO PROVIDE THE DEFENDANT WITH NEEDED EDUCATIONAL OR VOCATIONAL TRAINING, MEDICAL CARE, OR OTHER CORRECTIONAL TREATMENT IN THE MOST EFFECTIVE MANNER:**

Mr. Warlick will benefit from sexual offender counseling for his victimization of others and mental health counseling for his own victimization which will further reduce the likelihood of him reoffending. He has the family support and resources to continue that treatment following his release from prison.

**A SENTENCE WITHIN THE 87-108 MONTH RANGE IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO AVOID UNWARRANTED SENTENCING DISPARITIES AMONG DEFENDANTS WITH SIMILAR RECORDS CONVICTED OF SIMILAR CONDUCT:**

Mr. Warlick respectfully asks for a sentence within the 87-108 month range. A sentence within that range is a downward variance from the advisory 210-240 month range produced by § 2G2.2 which, as mentioned in footnote 4, has been widely criticized for producing high sentencing ranges based on criteria that have no empirical basis.[11] As will be shown, a sentence within the 87-108 month range avoids unwarranted sentencing disparity with sentences that have been imposed for other defendants with similar records and who have been convicted of engaging in similar conduct. The imposition of other downward variance sentences within that range for crimes similar to the one here shows that a sentence within the 87-108 month range can be sufficient but not greater than necessary to accomplish all of the goals of sentencing, notwithstanding the higher range recommended by the Guidelines.

Courts within the Eleventh Circuit have, when appropriate, varied downward from an

---

[11] *United States v. Finley*, 401 Fed.Appx. 482, 485 (11th Cir. 2011) ("a district court may consider a lack of empirical basis as a reason to exercise its discretion and impose a sentence below the guideline range" but is not required to categorically disregard the § 2G2.2 guidelines.) (citing *Kimbrough v. United States*, 552 U.S. 85, 109-110 (2007).

8

advisory range that has been computed using the § 2G2.2 guidelines. For example and as mentioned, in *United States v. Lane*, 2011 WL 3055257 (11th Cir. 2011), a defendant appealed the use of a five-level increase under 2G2.2(b)(3)(B) after he pled guilty to transporting, and receiving, child pornography. The Eleventh Circuit affirmed the downward variance sentence with the following explanation: "there is no question that this sentence was not imposed pursuant to the guidelines, because the 108 month sentence reflects a substantial downward variance from the guideline range of 210-262 months. Given this substantial variance, and the district court's explanation that 'a sentence below the low end of the advisory guideline range is sufficiently punitive to deter the defendant from further criminal conduct and to deter others from committing this type of crime,' we have no trouble concluding from the record before us that the § 3553(a) factors would lead the district court to impose the same 108-month sentence even without the application of the five-level § 2G2.2(b)(3)(B) enhancement." *United States v. Lane*, at p.1. The Guidelines range in *Lane* is the same as the one calculated here.

In *United States v. Edens*, 380 Fed.Appx. 880 (11th Cir. 2010), the district court imposed a sentence that varied 3-4 levels downward from the Guidelines range of 292-365 months imprisonment following a trial and convictions for six crimes involving the transportation, receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(1), (a)(2) and (a)(5)(B). The Eleventh Circuit Court of Appeals observed that the district court duly considered the particular circumstances of the crimes, including the quantity of child pornography and the sadistic and masochistic nature of some of those images, and concluded that "[t]he district court did not abuse its discretion by sentencing Edens below the guideline range."*Edens*, at 885. Similarly, in *United States v. Gray*, 453 F.2d 1323 (11th Cir. 2006) a downward variance sentence of 72-months imprisonment followed by 3 years of supervised released for distributing child pornography was upheld, notwithstanding the Guideline range of 151-188 months, where the district court "gave specific, valid reasons for imposing a sentence that was less than the guidelines range.").

Interestingly, a sentence of 60-months imprisonment – the lowest sentence that can lawfully be imposed for these offenses because of the 5-year mandatory minimum – can be found[12] in *United States v. Riley*, 655 F.Supp.2d 1298 (S.D.Fla. 2009), where the district court imposed just that mandatory minimum sentence of 60 months imprisonment and 5 years of supervised release, even though the Guidelines range using the § 2G2.2 criteria was 210-240 months imprisonment. The district court in *Riley* found that just the 60 month sentence was sufficient but not greater than necessary to achieve the purposes of sentencing, and observed that the downward variance sentence was more in line with the sentences imposed in other child pornography cases that it listed.[13]

Recently, in *United States v. Ortiz*, 2011 WL 3821993, the Eleventh Circuit upheld a 96-month sentence following a conviction for receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). The 96-month sentence varied downward from the applicable guidelines range of 151-188 months imprisonment, and it was upheld by the Eleventh Circuit

---

[12] That same minimum sentence can also be found in other circuits. For instance, in *United States v. Grober*, 624 F.3d 592 (3d Cir. 2010), a case involving substantially the same type of criminal conduct as involved here, imposition of just the 5-year mandatory minimum term of imprisonment, instead of the "draconian" advisory sentencing range of between 235-293 months, was upheld. *Grober*, 624 F.3d at 596 (3d Cir. 2010).

[13] The district court identified eleven child pornography cases where a downward variance occurred and was upheld, including, "*United States v. Hensley*, 322 Fed.Appx. 776 (11th Cir. 2009) (upheld 80 month sentence for possession of child pornography); *United States v. McBride*, 511 F.3d 1293 (11th Cir. 2007) (upheld an 84 month sentence for possession of child pornography when guidelines range was 151-188 months); *United States v. Grossman*, 513 F.3d 592 (6th Cir. 2008) (affirmed a sentence of 66 months when guideline range was 135-168 months, statutory maximum was 120 months, and defendant had sent and received images of child pornography over the internet); *United States v. Smith*, 275 Fed. Appx. 184 (4th Cir. 2008) (affirmed a sentence of 24 months when guideline range was 78-97 months where defendant transmitted images of child pornography over the internet, possessed over 1,000 images and 262 videos of child pornography, was a low risk of re-offending, and was in treatment)." *Riley*, 655 F.Supp.2d at 1304.

Court of Appeals as being substantively reasonable and a valid exercise of sentencing discretion. *Ortiz*, at p. 1. In that regard, district courts have considerable discretion in determining what sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing. *See United States v. Faxon*, 404 Fed.Appx. 430 (11th Cir. 2010) (court upholds 168-month sentence for transportation and possession of child pornography, holding that the district court did not abuse its discretion by imposing a downward variance of 42 months after considering the § 3553(a) factors).

Other examples of the Eleventh Circuit approving downward variances from guideline sentences that were computed using the § 2G2.2 criteria include *United States v. McDade*. 399 Fed.Appx. 520 (11th Cir. 2010), which involved a downward variance of 52 months from the 292-360 month guideline range for the crime of producing child pornography in violation of 18 U.S.C. § 2252(a), and *United States v. Cunningham*, 386 Fed. Appx. 42 (11th Cir. 2010), where the appellate court upheld a 60 month sentence for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) where the advisory Guidelines range was 78 to 97 months imprisonment.

Circuits outside of the Eleventh Circuit have also frequently varied downward from the range computed under the § 2G2.2 criteria. For example, in *United States v. Hanson*, 561 F.Supp.2d 1004 (E.D. Wis. 2008), a case also involving a conviction for violation of 18 U.S.C. § 2252A(a)(1) and images with sadistic or masochistic content, the district court found that the Guidelines range of 210-262 months imprisonment – the same Guidelines range as exists here – was "greater than necessary to satisfy the purposes of sentencing," *Hanson*, *supra* at 1008, and accordingly sentenced the defendant to 72 months imprisonment, followed by a life term of supervised release and limitations on computer usage. So, too, in *United States v. Beiermann*, 599 F.Supp.2d 1087 (ND.Iowa 2009), which involved distributing/receipt/possession of child pornography convictions under 18 U.S.C. § 2252A and where the Guidelines range was again 210-262 months imprisonment, the district court conducted a very thorough analysis under 18 U.S.C. § 3553(a) and imposed a sentence of 90

months incarceration followed by 10 years of supervised release. *Beiermann*, 599 F.Supp.2d at 1099. *See also*, *United States v. Beach*, 275 Fed.Appx. 529, 535 (6th Cir. 2008) (holding in transportation and receipt of child pornography case a downward variance to 96 months' imprisonment from a Guidelines range of 210-240 months was not substantively unreasonable under the circumstances).

It is respectfully submitted that, in light of the foregoing examples from the Eleventh Circuit specifically and other judicial circuits in general, a term of imprisonment within the range of 87-108 months, combined with at least five years of supervised release, is thus a reasonable guideline sanction that fully comports with the policy considerations set forth in 18 U.S.C. 3533(a).

### THE KINDS OF SENTENCES AVAILABLE:

A term of imprisonment sentence of not less than 5 years, nor more than 20 years, must be imposed pursuant to 18 U.S.C. § 2252A(b)(1). A term of supervised release for not less than 5 years is also required pursuant to 18 U.S.C. § 3583(k).

## CONCLUSION

A sentence within the range of 87-108 months imprisonment followed by a period of at least five years of supervised release is sufficient but not greater than necessary to achieve all policy considerations under 18 U.S.C. § 3553(a).

Respectfully submitted,

*s/ Donald R. West*
Donald R. West
Florida Bar No. 0315941
Assistant Federal Defender
201 S Orange Avenue, Suite 300
Orlando, Florida 32801
Telephone: 407-648-6338
Fax: 407-648-6095
Email: don_west@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendant's Sentencing Memorandum and Request for Downward Variance was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of the electronic filing to Karen L. Gable, Assistant United States Attorney this 1st day of December, 2011. A courtesy copy of the foregoing along with the referenced reports will be provided to United States Probation Officer Sally Stanis.

*s/ Donald R. West*
Donald R. West